Deotis **LEVINGSTON**, Appellant,

v.

**RAMSEY COUNTY COMMUNITY HUMAN SERVICES DEPARTMENT and the Minnesota Department of Human Services, Respondents.**

No. CO–85–2074.

Court of Appeals of Minnesota.

June 17, 1986.

Deotis Levingston, pro se.

Thomas Foley, Ramsey Co. Atty., Gary A. Davis, Asst. Co. Atty., Blake Shepard, Jr., Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by LANSING, P.J., and PARKER and WOZNIAK, JJ., with oral argument waived.

## MEMORANDUM OPINION

LANSING, Judge.

The Ramsey County Human Services Department reduced Deotis Levingston's AFDC grant after determining that one of his minor children, on whose behalf he received aid, was not living at his home. The determination was appealed and, after a hearing, affirmed by the Commissioner of Human Services. Levingston sought judicial review and the district court affirmed. Levingston appeals the order of the district court. We affirm.

## FACTS

Deotis Levingston received Aid to Families with Dependent Children (AFDC) on behalf of his 16-year-old daughter Vanessa and two other children. On June 5, 1985, Gladys Myles, Vanessa's maternal grandmother, telephoned the Ramsey County Human Services Department to request AFDC on the basis that Vanessa was living with her.[1] An investigator for the Ramsey County Attorney's Office visited Myles, unannounced, on June 26. Vanessa Levingston was present, and she told him that she had been living with her grandmother since before Christmas 1984. She said she visited her parents' home once or twice a month, usually to babysit. Ramsey County terminated the portion of Deotis Levingston's AFDC grant paid on behalf of Vanessa effective July 1, 1985.[2]

Levingston appealed the termination of Vanessa's benefits to the State Department of Human Services. *See* Minn. Stat. § 256.045, subd. 3 (1984). At the hearing Deotis Levingston and his wife Joyce testified that Vanessa lived with them, and county officials testified that Vanessa lived with her grandmother. In reconciling the conflicting testimony, the referee concluded that Vanessa Levingston, having least

---

1. While Levingston alleges that Myles withdrew her application, there is nothing other than his statement to support the allegation.

2. Federal regulations on coverage and eligibility for assistance programs provide that needy children living in the home of a parent, foster parent, or certain relatives are eligible for AFDC. 45 C.F.R. § 233.10(b). Minn. Stat. § 256.12, subd 14 (1984), is similarly worded. According to Minn. R. 9500.0070, subp. 3 (1985), a child must reside in the same home with the caretaker in order for the caretaker to receive AFDC unless the child has special educational needs or an emergency exists.

to gain among the parties, had been truthful in her statement to the investigator that she was living with her grandmother. Based on the referee's findings, the Commissioner of Human Services affirmed the county's reduction of Levingston's grant.

Levingston appealed the Commissioner's order to the district court. *See id.*, subd. 7. Vanessa and her parents appeared at the hearing and testified.[3] In response to questioning by her father, Vanessa testified that she lived with her parents at 1610 Reaney Avenue, that she sometimes stayed at her grandmother's house, but had never stayed there for more than two weeks at a time without staying at her parents' home. She further testified that she told the investigator she lived with her grandmother because her parents' address was not within the boundaries of her high school's district and she would have to change schools unless she claimed a different address. The district court affirmed the Commissioner's order, but restored Levingston's grant on Vanessa's behalf for the month of November 1985, and remanded for a new hearing to determine where Vanessa was then living.

## ANALYSIS

The evidence presented to the referee and the district court on where Vanessa Levingston lived between July 1, 1985, and November 1, 1985, is conflicting. Vanessa's and her grandmother's statements to the county investigator are at odds with her parents' testimony. Both the referee and the trial court had the opportunity to observe the witnesses and make credibility determinations. When the evidence conflicts, the findings of the examiner, and in this case the trial court, must be upheld. *See City of Minneapolis v. Richardson*, 307 Minn. 80, 88, 239 N.W.2d 197, 202 (1976).

We find that the order is supported by substantial evidence in view of the entire record. *See* Minn. Stat. § 14.69 (1984). In accordance with the trial court's order, the

agency shall redetermine Vanessa's residence from November 1985.

## DECISION

Affirmed.

---

**3.** Minn.Stat. § 256.045, subd. 8, allows a reviewing district court to take new or additional evidence if necessary for a more equitable disposition of the appeal.